**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ESTATE OF GERALD GRANT,**

                           **Plaintiff,**

   vs.                                                5:11-CV-1452
                                                                (MAD/ATB)
**INTERFACE SOLUTIONS, INC.,**

                           **Defendant.**
_____

**APPEARANCES:**                                         **OF COUNSEL:**

OFFICE OF RICHARD H. JARVIS                 Richard H. Jarvis, Esq.
One Lincoln Center
Suite 330
Syracuse, New York 13202
*Attorney for Plaintiff*

MONNOLLY, PRIDGEN, COLON-MACHARGO &
ELLENBERG, LLC                                         Nancy B. Pridgen, Esq.
3340 Peachtree Road
Suite 1800
Atlanta, Georgia 30326
*Attorneys for Defendant*

OFFICE OF WILLIAM R. DeCOSTE             William R. DeCoste, Esq.
1133 Broadway
Suite 706
New York, New York 10010
*Attorneys for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Estate of Gerald Grant ("plaintiff" or "Estate") commenced this action on November 16, 2011 in the Supreme Court of the State of New York, County of Oswego against defendant alleging breach of contract and negligence.  On December 11, 2011, defendant

removed this action to this Court. (Dkt. No. 1). Presently before the Court is defendant's motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). (Dkt. No. 4).

## II.     BACKGROUND[1]

From 1997 through February 20, 2010, defendant employed the decedent, Gerald Grant.[2] The decedent entered into a contract, through defendant, with The Prudential Insurance Company of America ("Prudential") for long term disability and life insurance (Employee Term Life Coverage and Accidental Death and Dismemberment Coverage - Contract No. LG-76703-PA) ("the Plan").   According to the Plan, premiums for the Term Life coverage would be waived if the employee was totally disabled. Total disability is defined as:

> (1)     You are not working at any job for wage or profit; and
>
> (2)     Due to Sickness, Injury or both, you are not able to perform for wage or profit the material substantial duties of any job for which you are reasonably fitted by your education, training or experience.

The waiver period would end one year after the disability started, unless, within that year, the employee gave Prudential written proof that the above conditions were met and, the employee was still totally disabled and the disability has continued for at least 9 months.

On or about July 25, 2007, the decedent left work on disability after an aorta dissection. From July 2007 until his death on February 20, 2010, Gerald Grant was unable to return to work. On April 23, 2009, Prudential sent a letter to decedent with regard to his claim for the continuation of benefits. According to the correspondence, plaintiff's claim to continue Group Life Insurance during Total Disability was approved effective April 25, 2008. Upon review of

---

[1] The background is taken from the complaint and are not findings of fact by the Court. On a motion to dismiss, the Court construes the facts in a light most favorable to the non-moving party.

[2] The record does not contain any information with regard to defendant's business or plaintiff's employment.

plaintiff's medical records, Prudential terminated plaintiff's claim, effective April 21, 2009 due to the fact that, "there is no medical information on file documenting a loss of function that would render you totally disabled, as defined by the Group Policy". Pursuant to the letter, plaintiff had the option to convert the insurance to an Individual Policy.

Plaintiff alleges that through payroll deductions, defendant paid for or led decedent to believe defendant paid for the policies on behalf of Gerald Grant during his employment and through his date of death. Plaintiff also alleges that from October 1, 2009 through September 30, 2010, plaintiff had basic life coverage in the amount of $37,000.00 and, during that time, decedent was never notified of any interruption, termination or cancellation of said policy. In the first cause of action, plaintiff claims, "the denial of benefits for said life insurance policy by Prudential and defendant is a breach of contract as entered into by the decedent, Gerald Grant and with the plaintiff, the Estate of Gerald Grant". In the second cause of action, plaintiff claims defendant was negligent in failing to pay the required premiums or allowing, permitting or failing to warn decedent that premiums were due. Plaintiff alleges defendant was also negligent in failing to notify plaintiff that the policy was in effect from October 1, 2009 through September 30, 2010, covering the date of his death. Plaintiff seeks judgment in the amount of $37,000.00 on both claims.

On December 20, 2011, defendant filed the within motion. Defendant argues that: (1) plaintiff does not possess statutory standing; (2) plaintiff failed to exhaust administrative remedies as required by ERISA; and (3) plaintiff's claims are pre-empted by ERISA. Plaintiff has not responded to the motion.

**III.     DISCUSSION**

**A.     Standard on a Motion to Dismiss under 12(b)(6) and 12(b)(1)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.* ., 282 F.3d 147, 152–53 (2d Cir. 2002)). To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," see Fed.R.Civ.P. 8(a) (2), with sufficient facts "to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a

4

complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [ ] complaint must be dismissed[.]" *Id.* at 570.

Defendant also moves for dismissal pursuant to Fed.R.Civ.P. 12(b) (1) for lack of jurisdiction. In contemplating a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court must "accept as true all material factual allegations in the complaint[.]" *Atl. Mut. Ins. Co. v. Balfour MacLaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). The Court may consider evidence outside the pleadings, e.g ., affidavit(s), documents or otherwise competent evidence. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986); *Antares Aircraft v. Fed. Rep. of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991). As the party "seeking to invoke the subject matter jurisdiction of the district court", plaintiff bears the burden of demonstrating that there is subject matter jurisdiction in this case by a preponderance of the evidence. *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir.1996); *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

**B.     Existence of ERISA plan**

Before addressing defendant's assertions, the Court must determine, as a matter of law, whether the policy at issue is an ERISA plan. *Fortune v. Med. Associates of Woodhull*, 803 F.Supp. 636, 640 (E.D.N.Y. 1992). An employee welfare benefit plan is defined under ERISA as:

> [A]ny plan, fund or program ... established or maintained by an employee or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing ... insurance ... or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services . . .

29 U.S.C. § 1002(1) (1992).

Here, plaintiff's complaint is devoid of any reference to ERISA. However, the Plan was annexed as an exhibit to the complaint. The Plan was established by defendant for it's employees. The "Foreward" indicates that defendant "arranged" the plan for its employees. *See Perry v. Prudential Co. of Am.*, 2012 WL 253403, at * (M.D. La. 2012) (the group life insurance benefit program provided by the defendant through Prudential was an ERISA plan). The Plan lists the "Contract Holder" as Interface Solutions, Inc. *See Richie v. Hartford Life and Accident Ins. Co.,* 2010 WL 785354, at *3 (S.D. Ohio 2010). Moreover, defendant concedes that the Plan is an employee welfare benefit plan as defined by ERISA. *See Fortune*, 803 F.Supp. at 640. Accordingly, the Court finds that the Plan is covered by ERISA.

**C.    Standing**

Defendant argues that the complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because plaintiff lacks standing. Defendant argues that the beneficiary under the plan is Mrs. Grant, not the Estate of Gerald Grant.

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid [e] for appropriate remedies, sanctions, and ready access to the Federal courts.' " *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). ERISA permits a participant in or beneficiary of an ERISA plan to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Cantor v. Am. Banknote Corp.*, 2007 WL 3084966, at *4 (S.D.N.Y. 2007) (citing 29 U.S.C § 1132(a)(1)(B)). A beneficiary is defined as,

6

"a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder". 29 U.S.C. § 1002(8).

On the motion, defendant provided Interface Solutions, Inc. Beneficiary Designation Form allegedly executed by Gerald Grant on October 17, 2005. Mr. Grant named Deborah Grant, his wife, as sole beneficiary. The contingent beneficiaries were his sons, Gerald Grant, Jr. and Gary Grant. The Estate is not a designated beneficiary. While the Estate may be a potential beneficiary, the record does not permit the Court to make that determination. The Court has no information with regard to Mrs. Grant, specifically, whether she is deceased and further, there is no information with regard to the decedent's sons who were designated as contingent beneficiaries. As plaintiff's complaint fails to address these issues, based upon the record, the Court finds that the action is subject to dismissal for lack of standing.

**D.     Failure to Exhaust**

Even assuming the Estate has standing, defendant argues that the complaint is still subject to dismissal because decedent and/or plaintiff failed to exhaust administrative remedies. ERISA plaintiffs are required to exhaust administrative remedies before filing an action in federal court, unless exhaustion would be futile. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 443 (2d Cir.2006). Although "ERISA does not contain an explicit exhaustion[-]of [-]remedies requirement ... this Circuit has inferred [one]." *Novella v. Westchester Co.*, 661 F.3d 128, 135, n. 10 (2d Cir. 2011). The failure to exhaust administrative remedies does not deprive courts of subject matter jurisdiction, but is rather an affirmative defense. *Paese*, 449 F.3d at 443. Only where the plaintiff can "make a 'clear and positive showing' that pursuing available administrative remedies would be futile" will a court release the plaintiff from the exhaustion

requirement. *Kennedy v. Blue Cross and Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993); *see also Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 140 (2d Cir. 2000).

The April 23, 2009 letter from Prudential to Gerald Grant provided:

> You have a right to appeal this decision. If you elect to do so, your appeal must be made in writing by you or your authorized representative. Your appeal must be submitted within 180 days of the date of your receipt of this letter.

Defendant argues, and plaintiff does not contest, that the Plan's administrative remedies were not exhausted. Prudential clearly informed decedent of its appeal procedure. While defendant's motion does not contain any admissible evidence regarding this issue, i.e., an affidavit from a person with first-hand knowledge of the issues, plaintiff has failed to allege any facts from which the Court might infer that decedent's pursuit of administrative remedies under the plan at issue would be futile. *See Kesselman v. The Rawlings Co., LLC.*, 668 F.Supp.2d 604, 609 (S.D.N.Y. 2009). Indeed, the complaint does not mention or address the exhaustion issue nor does plaintiff allege that any attempt to appeal Prudential's denial would have been futile. Thus, the Court finds that dismissal is warranted based upon the failure to exhaust. *See Morillo v. 1199 SEIU Benefit and Pension Funds*, 783 F.Supp.2d 487, 494 (S.D.N.Y. 2011).

**E.     Preemption**

Finally defendant argues, in the alternative, that plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the claims are preempted by ERISA. *See* 29 U.S.C. § 1144(a). Plaintiff has not responded nor disputed that the claims for breach of contract and negligence are preempted by ERISA.

"ERISA's preemptive scope is 'expansive' as a result of Congress' intent to make regulation of employee benefit plans 'exclusively a federal concern.'" *Cotter v. Milly LLC*, 2010 WL 286614, at *6 (S.D.N.Y. 2010). Section 514(a) of ERISA explicitly preempts "any and all

State laws insofar as they may now or hereafter relate to any employee benefit plan. . . " *Smith v. Dunham-Bush, Inc*., 959 F.2d 6, 8 (2d Cir.1992) (citing § 514(a), 29 8 U.S.C. § 1144(a) (1985)). State causes of action are preempted under ERISA if they "relate to" an employee benefit plan . . "if it has a connection with or reference to such plan". *Id*.  To determine whether the state law claims "relate to" a plan, courts must ask: (1) whether the state law claims address areas of exclusive federal concerns, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities (i.e., the employer, the plan and its fiduciaries, and the participants and beneficiaries). *Mem. Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir.1990).  It is well-settled that claims for breach of contract arising out of employee benefit plans, like all other state law causes of action relating to employee benefit plans, are conclusively preempted by ERISA. *Scanlan v. Kodak Retirement Income Plan,* 678 F.Supp.2d 110, 114 (W.D.N.Y. 2010) (collecting cases).

In the first cause of action, plaintiff alleges:

> That the plaintiff, Estate of Gerald Grant, has been denied death benefits in the amount of $37,000.00 by The Prudential Insurance Company of America and defendant, Interface Solutions, Inc. Upon information and belief, for failure to pay premiums.
>
> That said denial of benefits for said life insurance policy by Prudential Insurance Company of America and defendant, Interface Solutions, Inc. is a breach of contract as entered into by the decedent Gerald Grant and with the plaintiff, the Estate of Gerald Grant.

Plaintiff's second cause of action is based on defendant's failure to provide the decedent with information regarding the plan and for failing to pay the plan premiums.  Plaintiff alleges:

> . . . Defendant, Interface Solutions, Inc. was negligent in failing to pay the required premiums or allowing, permitting or failing to warn the decedent, Gerald Grant or Estate of Gerald Grant, of the termination of said life insurance policy, or that premiums were due, . . .

9

> . . . Defendant, Interface Solutions, Inc. was further negligent in providing the decedent, Gerald Grant, of notification that said policy was in effect for a period of October 1, 2009 through September 30, 2010, said period covering the date of decedent's death, February 20, 2010.

Plaintiff's complaint explicitly references the Plan, *see Smith*, 959 F.2d at 10, and both causes of action clearly "relate" to the ERISA plan. Drawing all inferences in favor of plaintiff, the allegations are based upon defendant's administration of the Prudential plan and, the complaint, "challenges defendant's actions as the administrator of the plan". *Cantor*, 2007 WL 3084966, at * 6 (a resolution of plaintiff's claims will undoubtedly require an interpretation of the Prudential plan). Because the claims could have been brought under ERISA, they are preempted.

Courts have held that where a complaint characterizes a claim as a common law breach of contract or negligence, but sets forth the elements of a claim under ERISA § 502(a)(1), the court's proper course is to recharacterize the claim as a claim under ERISA § 502(a)(1)(B) rather than to dismiss the complaint under the preemption doctrine. *Magin v. Cellco P'ship*, 2007 WL 625979, at *1 (N.D.N.Y. 2007) (citing *Burgie v. Euro Brokers, Inc*., 482 F.Supp.2d 302, 308 (E.D.N.Y. 2007); *see also Lister v. Stark*, 890 F.2d 941, 944, n.1 (7th Cir. 1989) (the "complete preemption" exception permits recharacterization of a plaintiff's state law claim to a federal claim). Other courts have dismissed the state law claims with leave to replead under ERISA. *See Cramer v. John Alden Life Ins. Co.*, 2010 WL 3928129, at *2 (D. Mont. 2010). However, in this instance, the Court is not inclined to offer plaintiff either opportunity. Here, plaintiff failed to submit any opposition to defendant's motion and counsel has offered no explanation for this omission. "Insofar as [a plaintiff] has failed to oppose [a] motion as required by Local Civil Rule 7.1, and has therefore implicitly consented to the relief sought in the motion to dismiss, the Court may dismiss, without prejudice, the [complaint]." *See Witorsch v. Notaris*, 1997 WL 529016, at *8

(S.D.N.Y. 1997). Moreover, recharacterization or leave to replead would be futile based upon plaintiff's lack of standing and failure to exhaust administrative remedies as discussed *supra*. Consequently, the Court grants defendant's motion and dismisses plaintiff's complaint without prejudice.

## IV.    CONCLUSION

It is hereby,

**ORDERED**, that defendant's motion to dismiss plaintiff's complaint (Dkt. No. 4) is **GRANTED** for the reasons set forth in this Order.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  April 2, 2012
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge